BEVERLY R. HUDAK Clerk, Village of Fonda
We acknowledge receipt of your letter enclosing a copy of Article VIII, section 2 of the by-laws of the Snell Hose Fire Company of Fonda, which reads as follows:
 "Section 2. Any member who moves out of our Village, provided he is a member in good standing, shall automatically be considered to have resigned in good standing."
You inquire whether the by-laws may be amended so as to enable a member of that fire company, who moves out of your village, to remain a member of good standing of the fire company.
Village Law § 10-1006 applies to volunteer members of village fire companies. Subdivision 1 provides that volunteer members shall be elected and appointed as provided in the section. Subdivision 12 provides that in a village where there is no board of fire commissioners, the board of trustees shall have the power to perform the duties of the board of fire commissioners which are prescribed in that section of the Village Law. For clarity, the board of fire commissioners and/or the village board of trustees shall be referred to herein as the village authorities.
Under subdivision 2 of the section, for a newly organized fire company in a village the village authorities must appoint the volunteer members who must be residents of the village. Thereafter, the fire company membership elects other eligible persons, including village officers, as volunteer members. Such election shall be pursuant to the by-laws, if any, of the fire company. If there are no by-laws, the election must be by a 3/4 vote of the members of the fire company present and voting at a regular or special meeting of the company. Such eligible persons are described in subdivision 3 as being residents of the villageor of territory outside the village which is afforded fire protection by the fire department of the village or any fire company thereof pursuant to a contract for fire protection, which contract is defined in subdivision 11 of the section. For the purposes of this opinion, residents must be construed to be persons who are residents of the village itself or of outside territory provided fire protection under a contract. See, in this connection, an informal opinion of the Attorney General published in 1965 Op. Atty. Gen. 181, a copy of which we enclose for your convenience. Of course, if neither the village fire department nor any fire company in the village fire department provides fire protection to outside areas under contract, eligible persons for election to membership in a village volunteer fire company would have to reside within the village boundary.
Subdivision 4 of the section provides that membership of a volunteer member of a fire company shall terminate when he ceases to be a resident, which word must be understood as described above. Subdivision 8 of the section gives the village authorities power to restrict membership to actual residents of the village even though outside territory is afforded fire protection on contract by the village fire department or a volunteer fire company thereof.
Subdivision 13 of the section provides that the section shall not be deemed to authorize the election of any person to membership or continuance of a person as a member if the election or continuance shall be contrary to the by-laws, rules or regulations of the fire company or the fire department of the village. This office issued an informal opinion reported in 1962 Op. Atty. Gen. 198 in connection with provisions of the Town Law which are similar to the provisions of Village Law § 10-1006 that [the village authorities] "may make rules for admission and expulsion of members of the fire companies * * * The companies, through their by-laws, may make more rigid requirements for admission of members and may provide for expulsion of members upon additional grounds than those provided by the rules * * *."
In our opinion, the by-laws of a village fire company may be more rigid than the statute concerning eligibility for membership and could provide, in spite of the provisions of Village Law §10-1006 herein discussed, that election to membership or continuation of membership is dependent upon actual residence within the territorial confines of the village.
In addition to those people described above as being eligible for membership, subdivision 5 relates to continued membership of a volunteer member who becomes a nonresident and subdivision 6 relates to admission of new members who are nonresidents. The conditions under which volunteer memberships may be continued in spite of nonresidence and the conditions under which nonresidents may become members are set out in subdivisions 5 and 6 and are identical (except for the time within which the village authorities may approve or disapprove of the membership). The subdivisions are long and complicated. We believe it is unsatisfactory to try to paraphrase them. Accordingly, we enclose a copy of the whole of Village Law § 10-1006 for your convenience. Note that continuation of membership for a nonresident and election to membership of a nonresident must be pursuant to the by-laws of the fire company, if there are any, and otherwise by a 3/4 vote of the members of the fire company present and voting at a regular or special meeting of the fire company and that availability of such members for duty is an essential element. Also, we draw your attention to subdivision 10 of the section which prohibits volunteer membership in more than one fire company at any one time and to subdivision 7 which prohibits more than 30% of the members being nonresidents.
In our opinion, a nonresident of a village may be elected to membership, or his membership may be continued, in a village volunteer fire company under the authority of subdivision 3 if that person resides in an area outside of the village which is afforded fire protection by contract by the village fire department or a volunteer fire company thereof unless the by-laws of the fire company restrict memberships to the geographic territory of the village. Such a member is a resident member as that term is described above. However, the village authorities may restrict membership to persons actually living within the village.
In our opinion, nonresidents of the village or contract protected outside area may be continued as members of a village volunteer fire company under subdivision 5 or elected as members of such a company under subdivision 6 if the by-laws of the fire company authorize it and if the village authorities consent to it. If the volunteer fire company has no by-laws, the consent can be given by a 3/4 vote of the members present and voting at a regular or special meeting of the volunteer fire company. Members continued under subdivision 5 or elected under subdivision 6 are nonresident members. Nonresident memberships can not constitute more than 30% of the actual membership of the fire company.
In our opinion, a fire company by-law restricting membership to residents of the geographic territory of the village may be amended so as to extend membership rights to the extent and in accordance with the provisions of Village Law § 10-1006.